IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-55-ALM |
| | § | |
| RAYMUNDO ALVARADO-SANCHEZ (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Raymundo Alvarado-Sanchez's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 12, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez.

Defendant was sentenced on October 6, 2016, before The Honorable U.S. District Judge Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Reentry of a Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months. He was subsequently sentenced to 34 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include deportation; financial disclosure; substance abuse testing and treatment; and a $100 special assessment. On October 3, 2018 he completed his period of imprisonment and began service of the supervision term. He was deported to Mexico on or about October 3, 2018.

On March 11, 2019, the U.S. Probation Officer executed the first Petition for Warrant or Summons for Offender Under Supervision [Dkt. 33, Sealed]. Then on March 14, 2019, a First

Amended Petition for Warrant or Summons for Offender Under Supervision was executed by the U.S. Probation Officer [Dkt. 36, Sealed]. The Court held the Petition in abeyance in anticipation of additional charges, the Government and defense counsel were directed to notify the Court when the case was ready to be set for final revocation hearing [Dkt. 41]. On February 4, 2021, the U.S. Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 51, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the defendant shall not commit another federal, state, or local crime; and (5) immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant is not deported, or for any reason reenters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 51 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1), (2), (3) On March 5, 2019, Defendant was arrested for the offenses of Possession CS PG 1<1G; Unlawful Restraint; and Criminal Trespass by the Denton, Texas Police Department. On August 30, 2019, he pled guilty to the offense of Possession of Controlled Substance under Docket No. F19-1928-158 in the

158th Judicial District Court of Denton County, Texas, and was sentenced to 10 months imprisonment in the Texas Department of Criminal Justice. He was given credit for time served and completed his sentence on December 25, 2019. On September 30, 2019, he entered a plea of Nolo Contendere to the offense of Unlawful Restraint under Docket No. 2019-03805-A in the Denton County, Texas Criminal Court No. 1, and was sentenced to 150 days imprisonment. On September 30, 2019, he entered a plea of Nolo Contendere to the offense of Criminal Trespass under Docket No. 2019-03806-A in the Denton County, Texas Criminal Court No. 1, and was sentenced to 150 days imprisonment. According to the offense report, police officers were dispatched to a residence in reference to a kidnapping. According to the offender's daughter, the offender had taken her mother against her will. She believed he was assaulting her mother in the car and at a nearby motel. She also believed he would kill her mother. She explained that she and her mother arrived at their home and noticed the offender's car in their driveway. Upon entering their home, they noticed the offender was already in there despite the fact he was not allowed to be there and had not lived at the residence in at least three years. He demanded her mother leave with him. Her mother expressed that she did not want to go with him due to fear he would assault her. He told her if he wanted to assault her, he would have already done so. She proceeded to leave with him to prevent any violence. The offender's daughter reported the offender had been physically assaultive toward her mother in the past including with a weapon. The officers located him and her mother at the Desert Sands Motel in Denton, Texas. The offender advised he and the victim were in the process of eating dinner. He denied physically assaulting the victim. She also denied any physical abuse on this date but advised he had been abusive towards her in the past. She advised she only left with him because she feared him and did not want her kids to witness any violence. A search of the offender and the motel was conducted, and officers found an opened

large folding knife on top of a pair of gloves, a replica pistol; and a clear plastic bag containing methamphetamine; and (4), (5) On November 13, 2019, Defendant was indicted for the offense of Reentry of Deported Alien under Docket No. 4:19CR00291-1 in the Eastern District of Texas. This offense occurred on or about March 5, 2019. On January 12, 2021, he pled guilty to this offense and was sentenced to 84 months imprisonment, to run consecutively to any sentence which may be imposed in the revocation of supervised release in Docket No. 4:16CR00055, United States District Court, Eastern District of Texas, Sherman, Texas. Additionally, Defendant failed to report to the U.S. Probation Office upon his re-entry into the United States. [Dkt. 51 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 4 and 5 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegations 4 and 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Victorville, California, if appropriate.

**SIGNED this 5th day of April, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE